## REPUBLIC UNDERWRITERS v. KING'S DAUGHTERS HOSPITAL ASS'N.

### No. 7885.

Court of Civil Appeals of Texas. Austin.
Oct. 4, 1933.

Rehearing Denied Oct. 25, 1933.

Bryan & Maxwell and Sam Dardnne, all of Waco, for appellant.

J. B. Talley, of Temple, for appellee.

BLAIR, Justice.

Appellee sued appellant for $885.75, and legal interest thereon, for hospital services rendered to one Bill Fraley, alleging that appellant carried Workmen's Compensation insurance covering an injury received by Fraley while in the employ of E. R. Thomas; and that appellant paid for the first 28 days of

services and expressly agreed to pay for the hospital services after the first 28 days, as follows: "That prior to the expiration of twenty-eight (28) days from date of said injury of the said Bill Fraley, the defendant, knowing that the said Bill Fraley was a patient in plaintiff's hospital, and knowing the condition of said Bill Fraley and of the nature and extent of his injury, that his incapacity had been total and continuous to that date, and that such injury required confinement in a hospital for further hospital care, treatment and medicines, * * * stated to the plaintiff at its place of business in Temple, Texas, that it was not necessary to make any reports to the Industrial Accident Board of the State of Texas, or to request it for any extension of time for hospitalization of the said Bill Fraley and expressly agreed with the plaintiff that the defendant would pay to the plaintiff its reasonable and customary charges for hospitalization services, medicines necessary to be furnished to said Bill Fraley during the remainder of the treatment for his said injury * * *; and that plaintiff, relying on said statements, requests and agreements, furnished said Bill Fraley further hospital services, medicines, etc., as hereinafter set forth * * *, whereby the defendant became bound and liable to pay to the plaintiff its reasonable and customary charges for hospital services."

A trial to the court without a jury resulted in judgment for appellee as prayed; hence this appeal.

By a plea in abatement, a general demurrer and answer to the merits, appellant urged in the trial court and here urges defenses to the suit of appellee as follows:

(1) That since appellee filed its claim with the Industrial Accident Board of Texas, and failed to give legal notice of appeal therefrom as required by law, the trial court had no jurisdiction of this case.

(2) That the suit is an attempt to recover for hospital services after the expiration of the first 28 days under the Workmen's Compensation Law of Texas; and it was neither alleged nor proved by appellee that weekly certificates required by law had been filed with the Industrial Accident Board and its permission obtained for further hospitalization.

(3) That the suit is an attempt to recover for hospitalization under the Workmen's Compensation Law of Texas, and it was neither alleged nor proved that notice of appeal from the action of the Industrial Accident Board was taken as required by law; nor was it alleged nor proved that such appeal was perfected in the manner and time required by law.

(4) That the suit is an attempt to recover for hospitalization after the expiration of the first 28 days under the Workmen's Compen-

sation Law of Texas; and that there is no sufficient competent evidence in the record to show any contract of such character as to permit appellee to recover herein in a common-law action on contract.

(5) That since appellee's claim for compensation is grounded upon a suit under the Workmen's Compensation Law of Texas, any agreement made with regard to hospitalization after the expiration of the first 28 days must be construed in connection with the provisions of the Workmen's Compensation Law of Texas relating to such claims, and must be construed to mean that such agreement to pay was as is provided in the Workmen's Compensation Law as to the manner of establishing such claim, and the proper time and manner of payment.

█ Neither of these contentions is sustained. With regard to the first three contentions, the record shows that while appellee filed a claim for hospitalization with the Industrial Accident Board, it was filed after the hospital expenses had been incurred; and was not shown to have been acted upon by the Industrial Accident Board, or to have been relied upon by appellee as the basis for this suit, which is grounded upon the alleged contract between appellee and appellant, whereby appellant expressly agreed to pay for the hospital services.

█ With regard to the sufficiency of the evidence to sustain the alleged contract to pay for the hospital services, appellee's testimony substantially proved the above-quoted allegations of its petition. It showed that prior to the expiration of the first 28 days of hospitalization which appellant paid, that appellant and appellee recognized that further hospitalization after the expiration of the 28 days would be necessary; that appellant was potentially liable for such hospitalization; that in view of this fact appellant agreed that it would pay the customary hospital fees for hospital services during the period of time necessary for the patient's recovery. Appellant further agreed that it would not be necessary for appellee to present each week an application for extension of service and for the issuance of a permit for further hospitalization as required by the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.). The evidence shows that appellee fully complied with all of its agreements in the premises, and that appellant refused to pay such hospital services as it had agreed to do; hence this suit was brought as a common-law action on contract. The agreement made was a common-law contract cognizable in a court of law.

█ With regard to appellant's fifth contention, the appellant expressly agreed to pay for the additional hospitalization after the expiration of the 28 days, without requiring appellee to comply with the Workmen's Com-

pensation Law relating to such claim. Manifestly it cannot maintain that the contract should be construed to mean that such an agreement to pay was as provided in said Workmen's Compensation Law as to the manner of establishing such claim and the time and manner of payment, because it expressly contracted that appellee need not comply with the compensation laws as to the manner of establishing such claim and the time and manner of its payment; and this express agreement is a common-law contract, enforceable in a court at law.

Judgment of the trial court will be affirmed.

### On Motion for Rehearing.

On motion for rehearing appellant suggests that our finding that the Accident Board did not pass upon appellee's claim for hospitalization after the first 28 days, is erroneous. Whether or not the board passed upon and refused the claim is not material, because such action could not prevent appellee from recovering upon its common-law contract with appellant to pay the claim without the necessity of submitting the claim to the board as required by the compensation laws.

The motion is overruled.